IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BLACK VOTERS MATTER FUND, and MEGAN GORDON, on behalf of herself and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia; DEKALB COUNTY BOARD OF REGISTRATION & ELECTIONS,<br><br>    *Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:20-cv-01489-AT |

**SECRETARY OF STATE BRAD RAFFENSPERGER'S
RESPONSE TO SUPPLEMENTAL DECLARATION**

Secretary of State Brad Raffensperger (the "Secretary") submits this Response to the Supplemental Declaration of Cliff Albright filed on April 28, 2020 as Exhibit "O" to Plaintiff Black Voters Matter Fund's Response to Court's Inquiry, and asserts the following:

1. The overarching problem with Mr. Albright's declaration is that no law changed between the Black Voters Matter Fund's (the "Fund") founding and today.  The Secretary has never provided stamps or other postage for voters who utilize the United States

1

mails to return absentee ballot requests or absentee ballots. Consequently, the Fund—which Mr. Albright acknowledged has always provided voter education on absentee ballots and voting by mail as part of its mission—is not having to do anything different than it has in the past. (Tr. at 50.) Any changes that have befallen the Fund are a direct result of the Fund's decisions of where to allocate funds and a global pandemic, not any act of the Secretary. The following exchange from the hearing on Plaintiffs' Motion makes this plain. In response to a question about whether the Fund has "previously educated voters on how to request an absentee ballot," Mr. Albright answered "yes, we have, although not as much as this year." (Tr. at 49-50.) Removing any doubt as to the cause of the increased efforts, Mr. Albright agreed with the question that the "reason for the change … is because of the COVID pandemic." (*Id.* at 50.) This makes sense: the pandemic has led more voters to vote absentee, so there will be more time spent educating voters on the means of doing so.

2. Despite this testimony, Mr. Albright now attempts to link the Fund's decisions to established United States Postal Service and

Georgia policy. His attempt to now backtrack on his prior representation (and the bulk of his supplemental declaration) (Doc. 77 ¶ 23) is not credible and contradictory to prior statements. Accordingly, the Court should afford the supplemental declaration little weight or exclude it from consideration altogether. *See generally Akins v. Fulton Cty., Ga.*, 278 Fed. Appx. 964, 967–68 (11th Cir. 2008).[1] At best, it is difficult to distinguish what changes are a result of a pandemic, and which are purportedly from the longstanding Georgia policy. At worst, the affidavit is a contradiction from prior testimony.

3. The bottom line is that, sometime after the hearing on Plaintiffs' Motion for Preliminary Injunction, Mr. Albright became concerned that his testimony attributed the real disruption or changes to the Fund's efforts as being caused by a new outbreak and not the pre-existing Georgia policy that provides the basis of the Fund's lawsuit. Mr. Albright's attempt to correct that now

---

[1] "Under the sham affidavit concept, when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."

3

should be given little to no weight by this Court, particularly given the Defendants' inability to cross-examine Mr. Albright about his recasting of his testimony. Plaintiffs should not benefit from these new assertions. *See* Tr. at 115 (Defendants reserving right to cross-examine witness in the case of contradictory declaration).

4. Lastly, Plaintiffs' submission of this supplemental declaration does not save the Fund's standing under an associational standing theory. Although the Fund has "partner organizations," (Doc. 77 ¶¶ 15-17), that alone does not establish standing under an associational standing theory. *See Arcia v. Fla. Sec'y of State*, 772 F.3d 1335 (11th Cir. 2014).[2] *See also* (Tr. 48-49 (testifying that the Fund does not have members)). The Eleventh Circuit ruled today that entities without members cannot establish associational standing. *Jacobson v. Fla. Sec. of State*, No. 19-

---

[2] "An organizational plaintiff has standing to enforce the rights of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Arcia*, 772 F.3d at 1342 (internal quotations omitted).

14552 (11th Cir. Apr. 29, 2020) (Slip Op at 18-19).[3]  Even if this Court considered the Fund's purported "partner organizations" to be members of the Fund, there are no allegations in the Complaint demonstrating that the Fund's purported "partner organizations" would otherwise have standing to sue in their own right to support any claim of associational standing.  Indeed, the supplemental declaration is of no help to Plaintiffs on the Defendants' Motion to Dismiss at all: declarations submitted for evidence in a preliminary injunction hearing may not be considered on a motion to dismiss.  *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947).

This 29th day of April, 2020.

>  */s/ Josh Belinfante*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Brian E. Lake
> Georgia Bar No. 575966
> blake@robbinsfirm.com

---

[3] The *Jacobson* slip opinion is attached as "Exhibit 1."

Melanie Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

Christopher M. Carr
Attorney General
Ga. Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Ga. Bar No. 743580
Russell Willard
Sr. Asst. Attorney General
Ga. Bar No. 760280
Charlene McGowan
Asst. Attorney General
Ga. Bar No. 697316

**Georgia Department of Law**
40 Capitol Square SW
Atlanta, GA 30334
cmcgowan@law.ga.gov
Tel: 404-656-3389
Fax: 404-651-9325

*Counsel for State Defendant*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Brief has been prepared using 13-pt Century Schoolbook font.

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **SECRETARY OF STATE BRAD RAFFENSPERGER'S RESPONSE TO SUPPLEMENTAL DECLARATION** with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 29th day of April, 2020.

    */s/ Josh Belinfante*
    Josh Belinfante
    Georgia Bar No. 047399