IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BLACK VOTERS MATTER FUND, and MEGAN GORDON, on behalf of herself and all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, and DEKALB COUNTY BOARD OF REGISTRATION & ELECTIONS, and all others similarly situated, | : : : : : : : : | CIVIL ACTION NO. 1:20-cv-01489-AT |
| Defendants. | : | |

## **ORDER**

Before the Court is Plaintiffs Black Voters Matter Fund and Megan Gordon's ("Original Plaintiffs") Motion for a Temporary Restraining Order and/or Preliminary Injunction and for Expedited Briefing. [Doc. 93] ("Emergency Motion"). The Emergency Motion does not raise any new facts or arguments, but instead "incorporates by reference all prior filings and evidence submitted in connection with the Original Plaintiffs' prior motion for preliminary injunction" and seeks relief for the August runoff and November general elections.

**I.    Background**

On April 30, 2020, this Court entered an Order denying Plaintiffs' request for an injunction requiring the Secretary of State to provide prepaid postage for absentee ballots in time for the June 9, 2020 primary election, in part because the Secretary of State had already begun mailing ballots out to tens of thousands of voters. After carefully considering the record evidence of both parties, the Court found that Plaintiffs' proposed remedies were not realistic or implementable under the circumstances. The Court, however, reserved judgment on whether injunctive relief is appropriate as to future elections, including the August 2020 runoff and the November general election, and indicated it would make a determination about relief in connection with those elections in a separate subsequent order.

Late in the evening on May 12th, Plaintiffs filed this Emergency Motion for TRO. The emergency apparently necessitating Plaintiffs' request for expedited relief is the Secretary of State's mid-May deadline for making changes to the absentee ballot envelopes if ordered to provide prepaid postage in time for the August runoff, which includes a period of two weeks to consult with the United States Postal Service. (Doc. 76).

But Plaintiffs have known about this deadline since April 28, 2020. (*Id.*) As such, the Emergency Motion was ostensibly precipitated by this Court's May 11, 2020 Order indicating that in light of Plaintiffs' filing an Amended Complaint which added new Plaintiffs and Defendants to this case and effectively mooted

the pending Motions to Dismiss, the Court would not likely be able to rule on Plaintiffs' request for injunctive relief before the aforementioned mid-May deadline. At Plaintiffs' request, the Court held a teleconference the next day to address Plaintiffs' concerns about a potential delay in light of their filing of the Amended Complaint. (Doc. 92.) At the conference, the Court expressed concern about ruling on the important questions presented by Plaintiffs' Motion for Preliminary Injunction before the June 2020 Primary plays out. Plaintiffs nonetheless pressed forward, filing the instant Emergency Motion seeking an expedited ruling on their request.

## II. Discussion

The Secretary's Reply in Support of his first Motion to Dismiss (Doc. 87) first raised important questions about the justiciability of Plaintiffs' claims under the Eleventh Circuit's recent decision in *Jacobson v. Fla. Sec'y of State*, No. 19-14552 at 21-22 (11th Cir. April 29, 2020). Plaintiffs did not seek permission to file a sur-reply, and instead the first time that the Court received substantive briefing from Plaintiffs on the *Jacobson* issue was yesterday. (Doc. 98.) The Court will not barrel into ruling on such serious legal issues confronting it under these circumstances.

Furthermore, it makes no sense for the Court to address these difficult standing issues as to only the parties named in the Original Complaint rather than those included in the Amended Complaint. To do otherwise would be to rule

3

with one hand tied behind its back. For the forgoing reasons, the Emergency Motion [Doc. 93] is **DENIED**.

**IT IS SO ORDERED** this 15th day of May, 2020.

_____
Amy Totenberg
United States District Judge