# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BLACK VOTERS MATTER FUND, MEGAN GORDON, and PENELOPE REID on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia; DEKALB COUNTY BOARD OF REGISTRATION & ELECTIONS; et al.,<br><br>    *Defendants*. | CIVIL ACTION FILE<br><br>NO. 1:20-cv-01489-AT |

## DEFENDANT SECRETARY OF STATE RAFFENSPERGER'S RESPONSE TO THE COURT'S ORDER OF JULY 10, 2020 REGARDING ABSENTEE BALLOT DROP BOXES

Defendant Secretary of State Brad Raffensperger (the "Secretary"), sued in his official capacity, submits this response to the Court's *sua sponte* order of July 10, 2020 (the "Order")[1] directing the Secretary "to file a list of counties which established one or more outdoor absentee ballot drop boxes for the June

---

[1] The Order was entered by docket entry only and does not have a docket number. A true and accurate copy of the docket entry order is attached as "Exhibit 1."

2020 elections as well as a list of which counties did not establish any absentee ballot drop boxes."

The Secretary notes that the State Election Board's emergency rule authorized counties to establish absentee ballot drop boxes solely for the June 2020 election, and the rule did not require counties to notify the Secretary whether they established any drop boxes. See Doc. No. [51-2]; Ga. Comp. R. & Regs. r. 183-1-14-0.6-.14. However, the State Election Board recently adopted a new emergency rule allowing counties to establish absentee ballot drop boxes for the August runoff and November election, similar to the secure drop box rule from the June election.[2] See Ga. Comp. R. & Regs. r. 183-1-14-0.8-.14.

Based on information voluntarily provided to the Secretary by the counties, the Secretary has attached: (a) a list of counties that had one or more absentee ballot drop boxes for the June 2020 election as "Exhibit 3," and (b) a list of counties that either did not have or did not notify the Secretary of any absentee ballot drop boxes for the June 2020 election as "Exhibit 4." Out of an abundance of caution, the Secretary notes that the attached lists accurately

---

[2] The State Election Board adopted Emergency Rule 183-1-14-0.8-.14 on July 1, 2020, authorizing counties to establish absentee ballot drop boxes for the August runoff and November election. A true and accurate copy of the rule is attached as "Exhibit 2."

reflect the information received from the counties regarding absentee ballot drop boxes, but the Secretary does not have independent knowledge that the information itself is accurate. Because counties were not required to report whether they established absentee ballot drop boxes in the June election it is possible that counties listed in Exhibit 4 may have established drop boxes for the June election but did not voluntarily report such information to the Secretary.

For the avoidance of doubt, these documents are conditionally submitted subject to the Secretary's respectful objection to the Court's consideration of the documents when deliberating over Plaintiffs' original Motion for Preliminary Injunction, any renewed Motion for Preliminary Injunction that Plaintiffs may file, or any other pleading in this case. As the party seeking extraordinary relief, the Plaintiffs bear the burden of proof. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiffs continue to assert new theories and submit evidence under the guise of supplemental briefing. See, e.g., Doc. No. [124]. At the same time, Plaintiffs have not requested the

information sought by the Court, and should not be able to rely on evidence submitted by the Secretary at the Court's direction to satisfy their burden.[3]

Bearing in mind the Secretary's respect for this Court and its responsibilities, the Secretary feels that he must raise these objections now or risk waiving them. The Secretary continues to appreciate the commitment of this Court to reach the right conclusion on this important issue.

Respectfully submitted this 17th day of July, 2020.

> */s/ Vincent R. Russo*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Brian E. Lake
> Georgia Bar No. 575966
> blake@robbinsfirm.com
> Melanie Johnson
> Georgia Bar No. 466756
> mjohnson@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.

---

[3] The Eleventh Circuit has addressed this issue from a slightly different perspective, and its precedent provides an alternative basis for the Secretary's objection. See Johnson v. United States, 780 F.2d 902, 910 (11th Cir. 1986). Cf. Paez v. Sec'y, Florida Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020) (addressing judicial notice).

Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

Christopher M. Carr
Attorney General
Ga. Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Ga. Bar No. 743580
Russell Willard
Sr. Asst. Attorney General
Ga. Bar No. 760280
Charlene McGowan
Asst. Attorney General
Ga. Bar No. 697316
**Georgia Department of Law**
40 Capitol Square SW
Atlanta, GA 30334
cmcgowan@law.ga.gov
Tel: 404-656-3389
Fax: 404-651-9325

*Counsel for Secretary of State Brad Raffensperger*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this response has been prepared using 13-pt Century Schoolbook font.

                                */s/ Vincent R. Russo*
                                Vincent R. Russo
                                Georgia Bar No. 242628